IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § § § § | CASE NO. 9:14-CR-20-MAC-CLS |
| vs. | |
| CLARENCE BARTHOLD (1) | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On November 27, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Receipt of Child Pornography, a Class C felony, Defendant Clarence Barthold was sentenced on September 17, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 121 months. Pursuant to a 5K1.1 plea agreement, Defendant was sentenced below the guideline range to imprisonment for 84 months to be followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include restrictions from internet, computer monitoring software compliance, restrictions from digital camera equipment and sexually explicit material, sex offender search, financial disclosure for computer monitoring compliance, a $100 special assessment and $1,000 restitution.

Defendant completed his term of imprisonment and started his term of supervised release on February 12, 2021. The case was reassigned to United States District Judge Marcia A. Crone on October 2, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition): The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.** It is alleged that Defendant admitted on October 13, 2021 that he had unauthorized contact with his grandson, a minor child approximately 6 months old, via telephone and mail correspondence on three difference occasions since his release in February 2021.

2. **Allegation 2 (special condition): The defendant shall refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment. The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children.** It is alleged that between May 28, 2023 and September 26, 2023, through routine polygraph testing, verbal admissions, and a written statement, Defendant admitted to possessing various forms of sexually explicit media content depicting adult pornography, along with adult and child erotica, in a storage unit since his release, and to accessing and viewing the material on multiple occasions through his term of supervision.

3. **Allegation 3 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program, which may include the application of physiological testing instruments. The defendant shall abide by all rules and regulations of the treatment program. The defendant shall pay any cost associated with treatment and testing. Should the defendant fail to pay as directed, the defendant shall perform three hours of community service for each unpaid session.** It is alleged that Defendant was unsuccessfully discharged from sex offender group treatment on June 2, 2023 for failing to comply with the rules of the treatment program, as reported by his treatment provider.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was I.  The guidelines provide that Defendant's guideline range for a Grade C violation is imprisonment for 3 to 9 months.

### *Hearing*

On November 27, 2023, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for 8 months followed by a 4-year term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to be designated to FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for 8 months followed by a 4-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for 8 months followed by a 4-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for 8 months followed by a 4-year term of supervised release.

So ORDERED and SIGNED this 27th day of November, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE