IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 9:14-CR-00020-MAC |
| v. | § |
| | § |
| | § |
| CLARENCE F. BARTHOLD | § |
| | § |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On July 30, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Clarence Barthold. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Receipt of Child Pornography, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 30 and a criminal history category of I, was 97 to 121 months. The offense carried a maximum imprisonment term of 20 years. On September 17, 2015, District Judge Michael Schneider sentenced Defendant to 84 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to plus special conditions to include weapons restriction; sex offender registration; financial disclosure for employment and restitution; restrictions from opening new credit lines and gambling; testing and treatment for drug abuse; sex offender treatment and testing; restrictions from minors; restrictions

from internet; computer monitoring software compliance; restrictions from digital camera equipment and sexual explicit material; sex offender search; financial disclosure for computer monitoring compliance; $100 special assessment; and $1,000 restitution. On February 12, 2021, Defendant completed his term of imprisonment and began service of his term of supervision. On November 28, 2023, the initial term of supervision was revoked and Defendant was sentenced to 8 months imprisonment followed by 4 years of supervised release. Defendant completed his second term of imprisonment on June 7, 2024.

Under the terms of supervised release, Defendant was required to refrain from viewing or possessing any images or media that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). In Allegation 1 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he admitted to possessing various media in the form of movies that depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2). If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release as alleged, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 9 months imprisonment, with 8 years supervised release to follow. Additionally, the court also recommended the modification of the conditions of supervised release to add the following new conditions:

- You must not possess or view any material in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. You must not patronize any place where such material or entertainment is available. You must not use any sex-related telephone numbers. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

- You must not purchase, rent, access, or utilize any storage unit or facility without advanced approval from the probation officer. If approved, you must provide verification of the rental agreement and location of the facility to the probation officer within 72 hours of accessing the facility. You must allow the probation officer to conduct periodic unannounced onsite inspections at any storage location to which you have access. You must also provide verification of any post office box you rent or access to the probation officer within 72 hours of access or rental agreement.

- You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement and shall observe the rules of that facility. While at the facility, you must pay subsistence according to BOP guidelines. Should you obtain a residence approved by the probation officer during the 180-day placement, you may be released.

- You must provide the probation officer with access to any requested financial information for the purpose of verifying employment.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 9 months imprisonment, with 8 years supervised release to follow, subject to the current conditions of supervised release in addition to the modified conditions stated herein. The court further **RECOMMENDS** that the place of confinement be FCI Beaumont (low). The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 30th day of July, 2025.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE